UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLEAN CRAWL, INC., <br><br> Plaintiff, <br><br> v. <br><br> CRAWL SPACE CLEANING PROS, INC., <br><br> Defendant. | CASE NO. C17-1340 BHS <br><br> ORDER GRANTING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PROTECTIVE ORDER |

This matter comes before the Court on Defendant Crawl Space Cleaning Pros' ("CSCP") motion for protective order, Dkt. 109, and Plaintiff Clean Crawl, Inc.'s ("CCI") cross-motion for protective order, Dkt. 113. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants CSCP's motion in part and grants CCI's motion in part and denies it in part for the reasons stated herein.

ORDER - 1

# I. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

This suit arises from copyright and trademark disputes between CCI and CSCP, two businesses which clean attics and crawl spaces and provide pest exclusion services for homes in the Western Washington area. *See* Dkt. 48 at 7; Dkt. 39 at 2.

On January 18, 2019, the parties filed a joint motion regarding a protective order, which disputed whether both "Confidential" and "Attorneys Eyes Only" ("AEO") levels of protection as set out in this district's model protective order. Dkt. 68. On January 21, 2019, CCI filed an additional reply. Dkt. 72. On February 14, 2019, the Court denied the motion, finding that "both parties' proposed submissions are deficient because they fail to include separate levels of protection for confidential documents." Dkt. 76 at 1. The Court directed the parties to agree on language for an AEO level of protection and a "confidential level of protection," and directed the parties to follow the procedure outlined in the model protective order if one party objects to the other's designation. *Id.* at 1–2.

On May 30, 2019, CSCP filed a motion for a protective order. Dkt. 109. On June 5, 2019, CCI filed a response and cross-motion for a protective order. Dkt. 113. On June 7, 2019, CSCP replied. Dkt. 115.

# II. DISCUSSION

The parties continue to dispute the proper characterization of confidential information and AEO information, the necessity of a provision regarding disclosure of information to expert witnesses or consultants, and the necessity of a provision regarding third-party information. CSCP explains that the parties have met and conferred in good

faith and been unable to come to an agreement on the terms of a protective order. Dkt. 109 at 1.

"Under Fed. R. Civ. P. 26(c), the Court, upon motion and a showing that he parties have conferred in good faith, may issue a protective order." *Avocent Redmond Corp. v. Rose Electronics*, 242 F.R.D. 574, 575 (W.D. Wash. 2007). Under the Local Rules, parties are encouraged to use this district's model protective order. Local Rules, W.D. Wash. LCR 26(c)(2).

**A.  Confidential and AEO Designations**

Both parties want to include a term defining the AEO category but disagree on what that definition should be. The Court's prior order directed the parties to negotiate an agreement on the AEO and "confidential" category definitions, Dkt. 76, but the parties were unable to do so. "The law . . . gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development or commercial information." *Cabell v. Zorro Productions, Inc.*, 294 F.R.D. 604, 610 (W.D. Wash. 2013) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002)).

CSCP suggests that technical specifications or schematics should be designated confidential, and "(a) Non-public customer information; (b) Customers and customer lists; (c) Non-public arrangements and agreements with clients and merchants; (d) Information regarding vendors, suppliers, and pricing; (e) Information regarding current discussions with third parties concerning potential joint ventures or other strategic

collaborations; (f) Marketing plans and techniques, current or future business plans, forecasts, and strategies; (g) Research and development materials concerning unreleased products, services, or product development; (h) Unreleased corporate and financial data (including sales, shipping, profits, inventories, costs, taxes, and similar documents); and (i) Trade secrets" be designated AEO. Dkt. 111 at 5. CCI counters that most of these categories should fall under the "confidential" designation and should not be designated AEO unless the producing party determines in good faith that the document "contain[s] information of a competitively or commercially sensitive, proprietary, financial, or trade secret nature, or [] involve[s] or implicate[s] privacy interests" and also determines in good faith that "disclosure of such information to opposing parties may be detrimental to the producing party's business interests." Dkt. 113-1 at 6.

The Court finds CSCP's proposed categories reasonable given that the parties are direct competitors, provided that, as another Washington district court wisely instructed: "[t]he Court expects the parties to both use and challenge AEO designations sparingly and only where necessary in order to minimize onerous litigation." *Cabell*, 294 F.R.D. at 610. Even so, a more restrictive protective order will provide confidence that neither party is able to secure a greater competitive advantage by obtaining its direct competitor's confidential business information improperly or unfairly through this litigation.

**B.     Experts and Consultants**

CCI argues that in trademark cases it is common for parties to retain competitors not involved in the litigation to serve as consultants and expresses its concern that the

CSCP will be able to retain such a consultant and share CCI's AEO-designated information with that person or entity without CCI's knowledge. Dkt. 113 at 6. CCI proposes a provision in the protective order requiring ten-day advance disclosure of the consultant or expert's identity to opposing counsel before confidential information is disclosed, to give the opposing party the opportunity to object. *Id*. at 6–7; Dkt. 113-1 at 7. CSCP counters that requiring disclosure of non-testifying consultants violates attorney-client privilege. Dkt. 115 at 3 (citing Fed. R. Civ. P. 26(b)(4)(D). However, "the rule does not prevent disclosure of the identity of a nontestifying expert, but only 'facts known or opinions held' by such an expert." *Ibrahim v. Dep't of Homeland Sec.*, 669 F.3d 983, 999 (9th Cir. 2012). In *Ibrahim*, the Ninth Circuit found that the district court below was correct when it reasoned that vetting litigation consultants was an ordinary and reasonable method to protect trade secrets. *Id*. Therefore, the Court finds CCI's proposed ten-day advance disclosure provision is reasonable.

**C.     Third-party Information**

Finally, CCI argues that CSCP's proposed order does not cover the "very common" application to third parties whose information becomes part of the case voluntarily or through subpoena. Dkt. 113 at 7. CCI proposes that the protective order permit third parties "to produce and designate" confidential material sought from them "in accordance with this order, and in such case all applicable provisions of this order shall apply to the Third Party designated material to the same extent as if it had been designated and produced by a party." *Id*. (citing Dkt. 113-1 at 13). CCI argues that CSCP "failed to identify any basis for its refusal to agree to this provision." *Id*. CSCP argues

that because no third parties have yet been identified, specific prejudice or harm cannot be shown to satisfy the Fed. R. Civ. P. 26(c) test for any documents a hypothetical party may produce. Dkt. 115 at 4.

The Court agrees with CSCP that because confidential third-party information in this case is only hypothetical, the Court cannot assess how it should be handled. Therefore, the Court finds that a provision addressing third-party information is unnecessary at this time.

### III.  ORDER

Therefore, it is hereby **ORDERED** that CSCP's motion for protective order, Dkt. 109, is **GRANTED** as to definitions for confidential and AEO information, and CCI's cross-motion for protective order, Dkt. 113, is **GRANTED** as the issue of disclosure of expert or consultant identity and **DENIED** as to the issue of a provision providing for the handling of confidential third-party information. Thus, the parties may file a stipulated protective order in accordance with the Court's order.

Dated this 3rd day of July, 2019.

BENJAMIN H. SETTLE
United States District Judge