# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| CLEAN CRAWL, INC., <br><br> Plaintiff, <br> v. <br><br> CRAWL SPACE CLEANING PROS, INC., <br><br> Defendant. | CASE NO. C17-1340 BHS <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND OR SUPPLEMENT COMPLAINT |

This matter comes before the Court on Plaintiff Clean Crawl, Inc.'s ("CCI") motion for leave to amend or supplement complaint. Dkt. 159. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

This suit arises from copyright and trademark disputes between CCI and Defendant Crawl Space Cleaning Pros ("CSCP"), two businesses which clean attic and

crawl spaces and provide pest exclusion services for homes in the Western Washington area.[1]

CCI began doing business in its current iteration in 2001 when its president, Charles Henrichsen ("Henrichsen"), transferred his Bio Bug Pest Management, Inc. business to CCI, Dkt. 48 at 6, and began using the trade name Clean Crawls, Dkt. 49, Declaration of Charles Henrichsen ("Henrichsen Decl.") at 3. CSCP began operations on January 9, 2013, under founder and owner Richard Herron ("Herron"). Dkt. 39 (citing Dkt. 40, Declaration of Richard Herron ("Herron Decl."), at 1). Henrichsen and Herron had met each other in 2008, and Henrichsen declares that he mentored Herron in starting a business, Sustainable Building and Insulation ("SBI"). Henrichsen Decl. at 3–4. Henrichsen declares that he made SBI a CCI subcontractor and referred "many jobs" to SBI. *Id*. at 4. Henrichsen declares that these referrals allowed Herron to be "heavily exposed" to CCI's "family of trademarks and copyrights" between 2010 and 2013. *Id.*

CSCP registered CRAWL PROS as a trade name with the Washington State Department of Revenue on June 6, 2017. Dkt. 160, ¶ 6; Dkt. 160-1 at 65. Andrew Gjerness as CCI's corporate representative testified that in June or July 2017, CCI became aware through checking social media to compare competitor's advertisements that CSCP was changing their name to Crawl Pros. Dkt. 121, Ex. 3 at 12. Herron testified as CSCP's corporate representative that CSCP changed its name because it was entering

---

[1] The factual background provided here is abbreviated to facts relevant to the instant motion. A more detailed factual background is available in the Court's November 5, 2019 Order denying CSCP's second motion for partial summary judgment. Dkt. 157.

the Portland, Oregon market in August of 2017 and because it owned the CrawlPros.com domain name. Dkt. 121, Ex. 2, at 211. In support of CSCP's opposition to the motion to amend, Herron declares that he made this decision in May 2017. Dkt. 163, ¶ 10. Herron also testified as CSCP President that CSCP's goal was to entirely switch the name under which CSCP does business from Crawl Space Cleaning Pros to Crawl Pros by the end of 2019. Dkt. 123, Ex. 4 at 31. Herron declares that in June 2017 CSCP began marketing under a new CRAWL PROS logo, updated its website, and advertised as CRAWL PROS on the radio. Dkt. 163, ¶¶ 10–12, 14.

On August 14, 2017, CSCP filed a complaint against CCI in the Pierce County Superior Court for the State of Washington for violation of Washington's Trademark Registration Act, RCW Chapter 19.77 *et seq.*, common law trademark infringement, and violation of Washington's Consumer Protection Act ("CPA"), RCW Chapter 19.86. Dkt. 39 at 5. On September 6, 2017, CCI filed this lawsuit against CSCP, alleging copyright infringement, trademark infringement, false designation of origin and unfair competition in violation of the CPA, and seeking a permanent injunction against infringement of the copyrighted materials and the trademarked materials, destruction of all infringing materials, damages, and other relief. Dkt. 1.

On March 19, 2018, CSCP filed an amended answer in the instant case, asserting counterclaims and affirmative defenses including laches. Dkt. 32. Herron declares that on April 5, 2018, CSCP produced documents in response to CCI's first request for production of documents featuring the CRAWL PROS logo. Dkt. 163, ¶ 16. CCI argues that it "promptly identified" the CRAWL PROS trade name as infringing in its May 11,

2018 response to first set of interrogatories. Dkt. 159 at 5 (citing Dkt. 160-1 at 74, 76–77).

On September 6, 2018, CSCP filed a motion for summary judgment. Dkt. 39. On January 29, 2019, the Court granted the motion as to CCI's copyright claims for two of the five copyrighted documents at issue. Dkt. 75 at 40. On March 1, 2019, in response to CSCP's request for a continuance, Dkt. 86, and CCI's notice of non-opposition, Dkt. 101, the Court granted the motion for a continuance and struck the scheduling order based on the then-existing trial date. Dkt. 105. On May 31, 2019, the Court ruled on the remaining questions from CSCP's motion for summary judgment and granted summary judgment only as to the second page of one document and denied summary judgment as to the remainder of the motion. Dkt. 112.

On July 11, 2019, CSCP filed its second motion for partial summary judgment. Dkt. 120. On August 6, 2019, CCI filed a motion for leave to file Dkt. 128, Second Henrichsen Declaration. Dkt. 129. On September 25, 2019, in response to the parties' joint status reports, the Court set a new trial date of January 14, 2020 and new pretrial deadlines. Dkt. 136. On November 5, 2019, the Court denied CSCP's second motion for partial summary judgment and granted CCI's motion for leave to file the Second Henrichsen Declaration. Dkt. 157. The Court declined to analyze CCI's claims regarding CSCP's use of the trade name CRAWL PROS, finding it was now apparent that those claims were outside the pleadings and not properly before the Court. Dkt. 157 at 15. The Court noted CCI had requested to supplement the pleadings pursuant to Federal Rule of

Civil Procedure 15(d) should the Court find it necessary but agreed with CSCP that supplementing a complaint in opposition to summary judgment was inappropriate. *Id*.

On November 13, 2019, CCI filed a motion for leave to amend or supplement complaint. Dkt. 159. On November 25, 2019, CSCP responded. Dkt. 161. On November 29, 2019, CCI replied. Dkt. 164.

## II.  DISCUSSION

**A.  Rule 16**

"[W]hen a party seeks to amend a pleading after the pretrial scheduling order's deadline for amending the pleadings has expired, the moving party must satisfy the 'good cause' standard of Federal Rule of Civil Procedure 16(b)(4), which provides that '[a] schedule may be modified only for good cause and with the judge's consent,' rather than the liberal standard of Federal Rule of Civil Procedure 15(a)." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). This good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "If [the moving] party was not diligent, the inquiry should end." *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764 (9th Cir. 2017) (quoting *Johnson*, 975 F.2d at 609).

Though the parties do not explicitly address Rule 16 or the good cause standard, CCI's arguments about its belief that the CRAWL PROS trade name was already part of this case bear on its diligence. CCI is correct that in its January 29, 2019 Order granting in part and denying in part CSCP's motion for summary judgment, the Court analyzed CCI's arguments regarding the similarity of the protected mark and the allegedly

infringing mark, considering both CRAWL SPACE CLEANING PROS and CRAWL PROS. Dkt. 75 at 15–16. CCI is also correct that CSCP's reply brief before the Court on that summary judgment motion contained a footnote arguing that the CRAWL PROS trademark "is not at issue in this case, as it is in CCI's pleadings." Dkt. 159 at 6 (citing Dkt. 60 at 8 n.38). Though the Court in fact overlooked CSCP's footnote, CCI could have reasonably believed the Court was drawing a conclusion about what issues were properly before the Court. Finally, when the Court's November 5, 2019 Order declined to consider CCI's argument based on the CRAWL PROS trade name because it was persuaded by CSCP's more clearly presented argument that the claims were outside the pleadings and not properly before the Court, Dkt. 157 at 15, CCI promptly filed the instant motion. Dkt. 159. CSCP argues that the Court's analysis in its January 29, 2019 Order does not transform a claim based on the CRAWL PROS trade name into one which may go to the jury. Dkt. 161 at 2. However, the Court finds that on the issue of diligence, CCI reasonably argues it was misled by the Court's handling of the issue in its January 29, 2019 Order and promptly moved to correct the issue once the Court made it clear in its November 5, 2019 Order that it considered allegations based on the CLEAN CRAWLS trade name to be outside the pleadings. Thus, the Court finds that Rule 16 is satisfied and turns to the Rule 15 analysis.

**B.      Rule 15**

If a court finds good cause for leave to amend under Rule 16(a), the court next considers pursuant to Rule 15 whether the amendment shows or would create "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and

(5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.3d 367, 373 (9th Cir 1990). The standards for granting a motion for leave to file a supplemental pleading under Rule 15(d) are the same as those for granting a motion to file an amended complaint under Rule 15(a). *See, e.g., Franks v. Ross*, 313 F.3d 184, 198 n.15 (4th Cir. 2002) ("[T]he standards used by a district court in ruling on a motion to amend or on a motion to supplement are nearly identical."); *Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996) ("Although these are cases under Fed. R. Civ. P. 15(a), not Rule 15(d), . . . the standard is the same."). Supplementing the pleadings under Rule 15(d) is favored as a tool of judicial economy and convenience. *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988).

The parties dispute whether CCI's motion should be analyzed under Rule 15(a) as an amended pleading or under Rule 15(d) as a supplemental pleading setting out transactions or occurrences which occurred after the date of filing of the complaint. CCI argues that discovery revealed CSCP's use of and active branding of its business under the CRAWL PROS trade name and that CSCP has subsequently increased its use of that trade name. Dkt. 159 at 2. CSCP counters that CCI was on at least constructive notice of CSCP's use of CRAWL PROS before filing suit and received documents using the name in discovery and thus should have either included the allegation in its complaint or amended in the Spring of 2018 when the relevant discovery was exchanged. Dkt. 161 at 8.[2] As the parties do not argue the distinction between amendment and supplementation

---

[2] Neither party discusses the Court's citation in its November 5, 2019 Order to Andrew Gjerness's deposition testimony as CCI's corporate representative that in June or July 2017, CCI

bear on their claims or defenses (such as impacting a statue of limitations issue) and the motions would be analyzed under the same standard, the Court finds it unnecessary to decide the question of fact regarding CCI's knowledge at this time. The Court notes that permitting amendment could potentially avoid duplicative litigation but reaches its decision based on the factors as set out in *City of Beverly Hills*, 911 F.3d at 373.

CSCP does not contend that CCI's motion should be denied for bad faith, futility, or on the basis of repeated amendments. CSCP argues CCI unduly delayed in seeking amendment and that CSCP would be prejudiced if amendment is permitted. CSCP objects both to CCI's proposed amendments regarding the CRAWL PROS trade name and to CCI's proposed amendments to its trademark registrations.

First, regarding the additional trade name allegations, CSCP argues that it was prejudiced because it would have "fashioned discovery to respond" to a claim based on the CRAWL PROS trade name, and "could have developed its pre-trial motion practice and trial strategy in expectation of the additional trademark infringement claim going to the jury." Dkt. 161 at 9. CSCP argues it will need to spend considerable additional time revising its trial strategy and re-crafting anticipated trial submissions. Dkt. 161 at 9–10. CSCP also warns that adding a claim based on the CRAWL PROS trade name "will only increase the complexity of already technical jury instructions, inject new factual issues into the case, and expand the potential scope of damages at issue – not to mention injunctive relief." Dkt. 161 at 9.

---

became aware through checking social media that CSCP was changing its name to Crawl Pros. Dkt. 157 at 9 (citing Dkt. 121, Ex. 3 at 12).

CCI counters that the CRAWL PROS name has been fully incorporated in discovery and the parties "have been proceeding as if Clean Crawls' claim against the CRAWL PROS mark has been in this case since at least early 2018." Dkt. 159 at 6–7. CCI specifies that CSCP has already produced documents showing use of the CRAWL PROS mark and use of the CRAWL PROS mark was discussed thoroughly in the parties' depositions. Dkt.159 at 4. CCI argues that CSCP's allegations it would have sought additional discovery are too vague to show prejudice. Dkt. 164 at 4.

The Court relies on its finding that CCI showed reasonable diligence in concluding that delay was not undue. With a month remaining before trial, the Court is not persuaded that CSCP has shown the prejudice it will experience is substantial. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (prejudice must be substantial to justify denying leave to amend).

Second, CSCP argues that the updated trademark registrations, which occurred between October 10, 2017 and June 12, 2018, "went undisclosed throughout this litigation." Dkt. 161 at 2. CSCP concedes that the updated copyright registrations were disclosed but argues the timing of the supplement is too late. *Id.* at 10 n.37. CSCP argues that permitting CCI to update the dates of its trademark registrations prejudices CSCP because it "was precluded the opportunity to fashion any written or oral discovery targeting the validity of CCI's alleged ownership rights over the marks." Dkt. 161 at 11. CCI does not clarify why it would have challenged the presumption of validity afforded to registered trademarks only for the updated registration and not the initial registration, which appears to have been listed in the operative complaint. Moreover, CSCP's counsel

declares that on May 11, 2018, CCI "produced the entire prosecution history for each of the trademarks asserted in this case" and provides Bates numbers corresponding to that discovery. Dkt. 165, ¶ 2. CCI argues the only Certificate of Registration not produced was for the name Clean Crawls accompanied by a grey "splat" symbol because it was issued at a later date. CCI explains this last Certificate of Registration was included in CCI's summary judgment submissions on October 8, 2018 and thus available to CSCP. Dkt. 164 at 6 (citing Dkt. 57-1 at 59). Considering this evidence, the Court is not persuaded that CSCP would be substantially prejudiced by amendment of the trademark and copyright registration information or that delay is sufficiently egregious to deny amendment. *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953–54 (9th Cir. 2006).

If in light of the Court's granting this motion CSCP finds that it requires additional discovery to fairly present its case and prepare for trial, the Court would consider a motion for a continuance.

### III.  ORDER

Therefore, it is hereby **ORDERED** that CCI's motion for leave to amend or supplement complaint, Dkt. 159, is **GRANTED**.

Dated this 11th day of December, 2019.

BENJAMIN H. SETTLE
United States District Judge