UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLEAN CRAWL, INC.,<br><br>              Plaintiff,<br><br>   v.<br><br>CRAWL SPACE CLEANING PROS, INC.,<br><br>              Defendant. | CASE NO. C17-1340 BHS<br><br>ORDER GRANTING PARTIES' MOTIONS TO SEAL |

This matter comes before the Court on Plaintiff Clean Crawl, Inc.'s ("CCI") motion to seal an exhibit to its motion to compel discovery, Dkt. 141, CCI's motion to seal an unredacted version of its opposition to Defendant Crawl Space Cleaning Pros' ("CSCP") second motion for partial summary judgment, Dkt. 146, and CSCP's motion to seal an unredacted version of its second motion for partial summary judgment, Dkt. 152. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motions for the reasons stated herein.

ORDER - 1

## I. DISCUSSION

Because a "strong presumption of access to judicial records applies fully to dispositive pleadings," "'compelling reasons' must be shown to seal judicial records attached to a dispositive motion." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006) (citing *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "'[C]ompelling reasons' may exist if sealing is required to prevent judicial documents from being used 'as sources of business information that might harm a litigant's competitive standing.'" *Microsoft Corp. v. Motorola, Inc.*, No. C10-1823JLR, 2012 WL 5476846, at *1 (W.D. Wash. Nov. 12, 2012) (quoting *In re Electronic Arts*, 298 F. App'x 568, 569 (9th Cir. 2008)).

A motion to seal must include (1) a certification that the parties have conferred on the need to file the document under seal and (2) "a specific statement of the applicable legal standard and the reasons for keeping a document under seal." Local Rules W.D. Wash. LCR 5(g)(3). This specific statement requires an explanation of "(i) the legitimate private or public interests that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient." LCR 5(g)(3)(B).

First, CCI seeks to seal an excerpt from the deposition testimony of CSCP's President Richard Herron as CSCP's corporate representative, offered as Exhibit 5 to Dkt. 140, the Declaration of John Butler. Dkt. 141. The deposition was taken subject to the Attorney's Eyes Only designation in the parties' protective order. Dkt. 141 at 2. CCI's counsel affirms that he conferred with CSCP's counsel on the need to file the

excerpt under seal and on the absence of a less restrictive alternative and explains that the excerpt contains confidential business information which would harm CSCP's business interest if made public. *Id*. at 2–3. Therefore, the Court grants the motion.

Second, CCI seeks to seal an unredacted version of its opposition to CSCP's second motion for partial summary judgment. Dkt. 146. CCI's counsel affirms that he conferred with CSCP's counsel on the need to file the brief under seal. Dkt. 146 at 3. CCI explains that though a redacted version of the brief is already filed in the public docket, CCI is providing an unredacted version under seal at the Court's request so that the record is complete. *Id*. at 1–2. The redacted information, which requires filing an unredacted version under seal, constitutes specific historical, present, and projected financial data and other "critical confidential proprietary business information" which would harm CCI's business interests if made public. *Id*. at 2–3. Therefore, the Court grants the motion.

Third, CSCP seeks to seal an unredacted version of its second motion for partial summary judgment. Dkt. 152-1. A redacted version is already filed in the docket. Dkt. 120. The redacted information, which requires filing an unredacted version under seal, consists of CSCP's confidential business information and deposition testimony taken subject to the Attorney's Eyes Only designation in the parties' protective order. Dkt. 152-1 at 3–4. Topics include marketing and advertising techniques and budgets, sales and distribution figures, and financial figures and projections, information which would harm CSCP's business interests if revealed. *Id*. at 4. Therefore, the Court grants the motion.

## II. ORDER

Therefore, it is hereby **ORDERED** that CCI's motion to seal, Dkt. 141, is **GRANTED**, CCI's motion to seal, Dkt. 146 is **GRANTED**, and CSCP's motion to seal, Dkt. 152, is **GRANTED**.

Regarding CCI's first motion to seal, Dkt. 141, CCI filed both the motion and the exhibit as a single document in the docket under seal. However, it appears CCI only intends to maintain the exhibit under seal. Therefore, CCI is instructed to file an unsealed copy of the motion in the docket

Dated this 13th day of December, 2019.

BENJAMIN H. SETTLE
United States District Judge