# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| CLEAN CRAWL, INC., <br><br> Plaintiff, <br><br> v. <br><br> CRAWL SPACE CLEANING PROS, INC., <br><br> Defendant. | CASE NO. C17-1340 BHS <br><br> ORDER GRANTING DEFENDANT'S MOTION TO CONTINUE AND DENYING DEFENDANT'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on Defendant Crawl Space Cleaning Pros, Inc.'s ("CSCP") motion to continue, Dkt. 185, and CSCP's motion for reconsideration, Dkt. 183. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion to continue and denies the motion for reconsideration for the reasons stated herein.

On November 13, 2019, Plaintiff Clean Crawl, Inc. ("CCI") moved to amend or supplement complaint. Dkt. 159. On November 25, 2019, CSCP responded. Dkt. 161. On November 29, 2019, CCI replied. Dkt. 164. On December 11, 2019, the Court granted CCI's motion for leave to amend or supplement complaint. Dkt. 179.

On December 17, 2019, CSCP moved for reconsideration. Dkt. 183. Also on December 17, 2019, CSCP moved to continue trial, extend existing pretrial deadlines, and extend expert discovery. Dkt. 185. On December 20, 2019, CCI responded. Dkt. 188. On December 23, 2019, CSCP replied. Dkt. 190. On December 24, 2019, CCI filed a notice of intent to surreply. Dkt. 192.

As a preliminary matter, the Court notes that the motion for continuance is likely moot because the Court has a criminal trial scheduled to begin on the same date as this civil trial. The criminal trial has priority and the Court has been informed it is likely to proceed as scheduled.

Even so, the Court finds that there is good cause for a continuance in this case due to the Court's previous potentially mistaken conclusion that allowing amendment would not substantially prejudice CSCP. *See United States v. 2.61 Acres of Land,* 791 F.2d 666, 671 (9th Cir. 1985) (denial of a continuance is reviewed for abuse of discretion considering the moving party's diligence, the need for a continuance, the extent to which granting the continuance would inconvenience the court and the opposing party, and the harm to the moving party if the continuance was denied).

In opposition to the motion to amend, CSCP argued it would prejudiced if amendment were permitted because it may have proceeded differently in discovery, pre-trial motion practice, and trial strategy preparation had it known the additional claim would be part of the case. Dkt. 179 at 8 (citing Dkt. 161 at 9). In granting the motion to amend, the Court stated that it would consider a motion for a continuance if CSCP found it required additional discovery to fairly present its case and prepare for trial. *Id*. at 10. In

moving for reconsideration and for a trial continuance, CSCP argues that it will be necessary to reopen expert discovery. Dkt. 183 at 4; Dkt. 185 at 1–2. While CSCP's position regarding expert discovery may have been helpful to the Court in considering the motion to amend, the Court finds that CSCP has been reasonably diligent and has shown a need for, and that it would be prejudiced without, a continuance. Though CCI argues it will be inconvenienced because its witnesses have made travel arrangements, Dkt. 188 at 9, that issue is likely moot due to the pending criminal trial. The Court also notes that though CCI filed a notice of intent to file a surreply to strike new, false, or otherwise improper material from CSCP's reply brief, Dkt. 192, the Court reaches the conclusion that a continuance is warranted based on CSCP's motion and CCI's response.

Given that the parties' Joint Status Reports submitted this past September state that the parties have not designated any testifying experts and do not anticipate calling experts to testify, Dkts. 134, 135, the Court will limit each side to one expert in order to accommodate the identified need for expert testimony while not extending the trial date any further than necessary.

The parties shall meet and confer to agree upon the earliest possible trial date and corresponding discovery schedule and pretrial deadlines consistent with the completion of expert disclosure and discovery and the schedules of counsel and the Court. The parties shall inform the Court of their agreement by filing a Joint Status Report no later than January 9, 2020.

Regarding CSCP's motion for reconsideration, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is

presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). CSCP presented argument in support of its motion which did not constitute newly discovered evidence, clear error, an intervening change in the law, or highly unusual circumstances, so the Court denies the motion.

Therefore, it is hereby **ORDERED** that CSCP's motion to continue, Dkt. 185, is **GRANTED**, and CSCP's motion for reconsideration, Dkt. 183, is **DENIED**. The pretrial conference currently scheduled for January 6, 2020 and all other pretrial deadlines are stricken and will be rescheduled in accordance with the parties' agreed trial date.

Dated this 26th day of December, 2019.

BENJAMIN H. SETTLE
United States District Judge