UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLEAN CRAWL, INC.,

        Plaintiff,

   v.

CRAWL SPACE CLEANING PROS, INC.,

        Defendant.

CASE NO. C17-1340 BHS

ORDER GRANTING PARTIES' MOTIONS TO SEAL

This matter comes before the Court on Plaintiff Clean Crawl, Inc.'s ("Clean Crawl") motions to seal, Dkts. 169, 209, 224, 229, 236,[1] and Defendant Crawl Space Cleaning Pros, Inc.'s ("Crawl Pros") motion to seal, Dkts. 171, 241. The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants the motions for the reasons stated herein.

---

[1] Dkt. 210 contains the material Clean Crawl moves to file under seal in Dkt. 209. Dkt. 223 contains the proposed order which corresponds to the motion in Dkt. 224, and Dkt. 225 contains the exhibits the motion seeks to maintain under seal. Dkt. 230 contains a declaration in support of the motion to seal contained in Dkt. 229. Dkt. 238 contains a declaration in support of the motion to seal contained in Dkt. 236.

## I. DISCUSSION

Because a "strong presumption of access to judicial records applies fully to dispositive pleadings, . . . 'compelling reasons' must be shown to seal judicial records attached to a dispositive motion." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citing *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "'[C]ompelling reasons' may exist if sealing is required to prevent judicial documents from being used 'as sources of business information that might harm a litigant's competitive standing.'" *Microsoft Corp. v. Motorola, Inc.*, No. C10-1823JLR, 2012 WL 5476846, at *1 (W.D. Wash. Nov. 12, 2012) (quoting *In re Electronic Arts*, 298 F. App'x 568, 569 (9th Cir. 2008)).

A motion to seal must include (1) a certification that the parties have conferred on the need to file the document under seal and (2) "a specific statement of the applicable legal standard and the reasons for keeping a document under seal." Local Rules W.D. Wash. LCR 5(g)(3). This specific statement requires an explanation of "(i) the legitimate private or public interests that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient." LCR 5(g)(3)(B).

First, Clean Crawl seeks to seal Exhibits 2 and 3 to the Declaration of John Butler offered in support of its motions in limine, containing excerpts from Crawl Pros's corporate deposition and the deposition of Crawl Pros's president Richard Herron which discuss Crawl Pros's corporate finances. Dkt. 169 at 1–2. The motion confirms that the parties have conferred, a less restrictive alternative is not available, and the excerpts

contain confidential financial projections and information which would harm Crawl Pros's business interests if made public. *Id.* at 2. Clean Crawl later refiled its motions in limine and refiled the same motion to seal at Dkt. 209. Therefore, the Court grants both motions.

Second, Crawl Pros seeks to file an exhibit in support of its motions in limine under seal and to file an unreadacted copy of its motions in limine under seal. Dkt. 171. The motion confirms that the parties have conferred and the material at issue is portions of Clean Crawl's corporate deposition discussing Clean Crawl's marketing strategies and revenue projections which would harm Clean Crawl's business interests if made public. *Id*. at 2–5. Therefore, the Court grants the motion.

Third, Clean Crawl seeks to file under seal Exhibits 2 and 3 to the Declaration of John Butler containing each party's expert reports on economic damages offered in support of its supplemental motions in limine. Dkt. 224. The motion confirms that the parties have conferred, a less restrictive alternative is not available, and the exhibits constitute confidential business information and projections which could be used against each side by competitors. *Id*. at 2–3. Therefore, the Court grants the motion.

Fourth, Clean Crawl seeks to file under seal Exhibits 1 (excerpts from the corporate deposition of Clean Crawl discussing internal financial tracking, costs to create marketing materials, and customer confusion), 3 (Clean Crawl's Rule 26(a)(1) initial disclosures containing revenue and goodwill valuations and projections), 4 (Clean Crawl's expert report containing business valuation and projections), 5 (Crawl Pros' expert report containing business valuation and projections), and 6 (excerpts from the

deposition of Nadine Sanchez discussing employee recruitment between the companies) to the Declaration of John Butler in support of its opposition to Crawl Pros's motions in limine. Dkt. 229. The motion confirms that the parties have conferred, a less restrictive alternative is not available, and the sealed material consists of confidential business information which could be used against each side by competitors. *Id*. at 2–3. Therefore, the Court grants the motion.

Fifth, Clean Crawl seeks to file under seal an unredacted version of its supplemental briefing to the parties' motions in limine. Dkt. 236. The supplemental brief redacts the cost of past and future corrective advertising and gross profits Clean Crawl's expert calculates in her expert report which is filed under seal. The motion confirms that the parties have conferred, there is not a less restrictive alternative, and the redacted information is confidential business information which could be used against Clean Crawl by competitors. *Id*. at 2–3. Therefore, the Court grants the motion.

Sixth, Crawl Pros seeks to file under seal an unredacted version of its motion to exclude expert opinion and a copy of its rebuttal expert report. Dkt. 241. The motion confirms that the parties have conferred and have not identified a less restrictive alternative to filing under seal but does not articulate a specific statement of the interest protected by maintaining the material under seal. However, as the Court has herein granted motions to seal expert reports as containing confidential business information which could be used against each side by competitors, the Court grants the motion on that basis as well.

## II. ORDER

Therefore, it is hereby **ORDERED** that the parties' motions to seal, Dkts. 169, 171, 209, 224, 229, 236, and 241 are **GRANTED**. The Clerk shall also terminate Dkts. 210, 223, 225, 230, and 238, as they either contain documents improperly identified as motions or documents which are duplicative of the motions granted (as explained in footnote 1).

Dated this 28th day of February, 2020.

BENJAMIN H. SETTLE
United States District Judge